IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRAD A. KILDOW,

                      Plaintiff,

v.

LUXURY JAGUAR, LLC, *et al.*,

                      Defendant.

OPINION and ORDER

24-cv-910-jdp

---

Plaintiff Brad Kildow is suing defendants Luxury Jaguar, LLC, a Montana company doing business in Wisconsin, and three Doe defendants for allegedly conspiring to "roll back"[1] the odometer in a used truck and sell it to plaintiff at an inflated price. Plaintiff contends that a Wisconsin Department of Transportation report indicates the truck had multiple previous owners, one of which was Luxury Jaguar, and that the truck's odometer reading and the milage reported on the truck's title was altered to reflect a lower number during Luxury Jaguar's ownership. The truck was then sold to a retail purchaser and eventually to plaintiff by a private online seller.

Plaintiff alleges, upon information and belief, that at least one other entity conspired with Luxury Jaguar to tamper with the odometer and advertise and sell the truck to plaintiff. Plaintiff does not know the identities of these alleged coconspirators, which plaintiff contributes to the truck's complicated ownership history and lack of documentation. Plaintiff

---

[1] "Rolling back" an odometer is an illegal act whereby one mechanically tampers with the odometer to display a lower number of miles than the car has been driven, usually to artificially inflate the price of the vehicle by making it seem less worn or newer than it is. *See* 49 U.S.C. § 32701.

asks the court to grant him leave to serve expedited discovery in advance of the Rule 26(f) pretrial conference to uncover the Does' identities.

Since plaintiff filed his motion for expedited discovery, Luxury Jaguar failed to timely answer or otherwise respond to the complaint, and the clerk has entered default against Luxury Jaguar. Dkt. 11.

For the reasons stated in this opinion, plaintiff's motion for expedited discovery is DENIED.

## ALLEGATIONS OF FACT

The following is a summary of plaintiff's allegations:[2] In November 2023, plaintiff responded to an online advertisement for a 2015 Toyota Tundra truck posted by someone who called himself Pat Zettler.[3] Dkt. 1 at 4. The advertisement represented that the truck had been driven 81,000 miles. *Id.* at 5. Plaintiff met Zettler at a gas station on November 28, 2023, to inspect the truck. *Id.* After confirming that the odometer showed the advertised milage, plaintiff agreed to buy the truck for $15,000 cash. *Id.* at 6. Zettler did not provide a bill of sale. *Id.* at 7.

Later, after a routine service, Toyota center employees informed plaintiff that the odometer had been rolled back. *Id.* A subsequent CARFAX report showed the odometer had

---

[2] The court reports these allegations and accepts them as true for purposes of ruling on this motion for expedited discovery only. The court makes no findings as to these facts for any other purpose in the case.

[3] Plaintiff now doubts this is the seller's real name. Dkt. 1 at 4.

been rolled back in October 2023 and that the truck had significantly higher milage than Zettler or the odometer represented. *Id.*

Plaintiff requested the Wisconsin Department of Transportation investigate the apparent odometer and title fraud. *Id.* at 8. In March 2024, the DOT reported that Luxury Jaguar purchased the truck at a Cincinnati auction in October 2023 with an odometer reading of 210,409 miles and an Ohio title showing 200,481 miles. *Id.* By November 8, 2023, the odometer was altered to show a lower milage and the title was altered to simply read 481. On November 8, 2023, Luxury Jaguar sold the truck to a retail purchaser. *Id.* at 9.

Relying on the reports, plaintiff filed this lawsuit alleging both aiding and abetting and a direct violation of the Federal Odometer Act 49 U.S.C. § 32710, *et. seq. Id.* at 11–12. Plaintiff named Luxury Jaguar and three unknown "individuals or businesses" with whom plaintiff alleges Luxury Jaguar "conspired . . . or aided and abetted . . . to sell and transfer a vehicle with a tampered odometer directly from the name Luxury Jaguar to [plaintiff] through false disclosures[.]" *Id.* at 3–4.

ANALYSIS

The court analyzes motions for expedited discovery under the "good cause" standard, which requires the movant to show that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Hopson v. Google, LLC*, No. 21-CV-320-WMC, 2023 WL 2733665, at *4 (W.D. Wis. Mar. 31, 2023).

Plaintiff argues that he requires discovery to identify the unknown defendants. He proposes to depose Manheim Auction, the auction house that sold the truck to Luxury Jaguar,

3

as well as Enterprise Rent-a-Car, an alleged prior owner of the truck.[4]  But it is not clear how deposing these entities would reveal the identifies of the John Doe defendants.  Plaintiff does not propose any particular discovery—*i.e.*, he does not attach proposed document requests or subpoena topics—so it is difficult for the court to assess his plan, as well as the burdens the discovery would impose on these non-party entities.  To take such discovery, plaintiff must satisfy the requirements of Rule 45, which requires him to "command each person to whom it is directed to . . . attend and testify [or] produce designated documents, electronically stored information, or tangible things in that person's possession" at a specified time and place.  Plaintiff has not done that here.

More fundamentally, it is not clear from the complaint what specifically the John Doe defendants are alleged to have done, so it is not clear how their identities could be ascertained with any amount of discovery.  Plaintiff vaguely asserts that three unknown "individuals or businesses" conspired with Luxury Jaguar to defraud plaintiff, Dkt. 1, ¶ 9, but nothing more specific.  Typically, when the court is confronted with John Doe defendants, it sees allegations that some unknown person or entity has done some specific wrong to the plaintiff on some specific date in some specific place.  This allows the court to find good cause to authorize discovery into the specific events, times, and places alleged.  Here, we have no specifics as to the John Doe defendants.

The cases plaintiff cites bolster this point.[5]  In each of those cases, the existence of the unknown defendants was substantially more certain than here, where plaintiff baldly asserts

---

[4] Plaintiff asserts that Enterprise Rent-a-Car was one of the truck's previous owners, but neither his brief nor the complaint explains why plaintiff believes this.

[5] *See 20/20 Financial Consulting, Inc. v. Does 1-5*, 2010 WL1904530, at *1-2 (D. Colo. May 11,

that someone else must have conspired with Luxury Jaguar to commit fraud.  Plaintiff notes that a registered agent of Luxury Jaguar, Maurice Kiglies, has organized hundreds of wholesale used car dealerships that have drawn the attention of state regulators in the past.  Dkt. 8 at 2.  The court does not understand how that fact, even if true, bolsters plaintiff's argument for non-party discovery.

ORDER

IT IS ORDERED that plaintiff's motion for expedited discovery, Dkt. 8, is DENIED.

Entered April 18, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

---

2010); *Allcare Dental Management, LLC v. Zrinyi*, 2008 WL 4649131, at *1-3 (D. Idaho Oct. 20, 2008); *UMG Recordings, Inc. v. Doe*, 2008 WL 4104214, at *5 (N.D. Cal. Sept. 3, 2008); *Murphy v. Goord*, 445 F.Supp.2d 261, 266-67 (W.D.N.Y. 2006).